IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| AIRPRO DIAGNOSTICS, LLC<br><br>      Plaintiff,<br><br>v.<br><br>OPUS IVS, INC., a Delaware corporation, and AUTOENGINUITY, LLC, an Arizona limited liability company<br><br>      Defendants. | Case No. 3:24-cv-01330-TJC-LLL |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Opus IVS, Inc. ("Opus") and AutoEnginuity, LLC ("AutoEnginuity") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to LR 3.01(i), hereby file this Notice of Supplemental Authority, which pertains to Defendants' Motion to Dismiss or, in the alternative, Motion to Stay (ECF No. 9) ("Motion to Dismiss"). Defendants acknowledge that the Court denied Defendants' Motion to Dismiss and that LR 3.01(i) specifies that this Notice is to be filed "before a decision," but this Notice is being filed due to the following statement in the Court's Order denying Defendants' Motion to Dismiss ("Order"):

> The Court emphasizes that its ruling is based on the current state of the record. *Future developments in the Michigan action . . .* could illuminate the proper relationship between the Michigan action

> and this one. But *for now*, it is hereby **ORDERED**: Defendants'
> Motion to Dismiss or Stay (Doc. 9) is **DENIED**.

(ECF No. 20) (emphasis added). The Supplemental Authority is as follows:

1. <u>A citation to the Authority</u>: Opinion and Order entered in *AirPro Diagnostics, LLC v. Drew Technologies, Inc.*, No. 2:22-cv-12969-LVP-EAS, 2025 WL 2759570 (E.D. Mich., Sept. 29, 2025) ("Michigan Action").

2. <u>A specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements</u>: Pages 7-17 of Defendants' Motion to Dismiss (ECF No. 9).

3. <u>A succinct quotation from the authority</u>:

> AirPro does not effectively refute Defendants' evidence that some of the information on which the claim is based (e.g., customer pricing information; running the Giotto software through a single J2534 interface; unloading and offloading OEM applications) was publicly known or known by Defendants before the MPA's execution. More significantly, however, AirPro offers mainly vague, summary references to categories of information and offers nothing beyond mere speculation that what was disclosed within those broad categories was "used" in violation of the MPA. In other words, AirPro does not specifically identify what information was used or how it was used by Defendants (except to say generically in the development and enhancement of their own product); and, most importantly, AirPro does not offer any facts from which one could draw the inference that the information was used. . . . In short, AirPro fails to present evidence to create a genuine issue of material fact with respect to Drew's[1] purported breach of the MPA.

*AirPro Diagnostics, LLC v. Drew Technologies, Inc.*, No. 2:22-cv-12969-LVP-EAS, 2025 WL 2759570, at *9 (E.D. Mich., Sept. 29, 2025).

---

[1] Drew Technologies, Inc., AutoEnginuity, LLC, and Opus IVS, Inc. are the same entity (Opus IVS, Inc.). *See* ECF No. 9-1 in this Action; ECF No. 15-3, PageID.114 in the Michigan Action.

Respectfully submitted, this the 8th day of October 2025.

| WYRICK ROBBINS YATES & PONTON LLP<br><br>By: */s/ Samuel A. Slater*<br>Samuel A. Slater<br>NC Bar No. 43212 (specially admitted)<br>Email: sslater@wyrick.com<br>T. Nelson Hughes, Jr.<br>NC Bar No. 59342 (specially admitted)<br>Email: nhughes@wyrick.com<br>4101 Lake Boone Trail, Suite 300<br>Raleigh, North Carolina 27607<br>(919) 781-4000<br>(919) 781-4865 (facsimile) | SMITH HULSEY & BUSEY<br><br>Patrick P. Coll<br>Florida Bar Number 084670<br>One Independent Drive, Suite 3300<br>Jacksonville, Florida 32202<br>(904)359-7700<br>(904)359-7708 (facsimile)<br>pcoll@smithhulsey.com |
|---|---|

*Attorneys for Defendants*